J-S40028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY BROWN, | : | |
| | : | |
| Appellant | : | No. 827 EDA 2023 |

Appeal from the PCRA Order Entered March 6, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0827351-1992

BEFORE: NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.:         **FILED FEBRUARY 12, 2024**

Leroy Brown ("Brown") appeals *pro se* from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] We affirm.

This Court previously summarized the procedural history of this case as follows:

> [Brown] was found guilty but mentally ill of first[-]degree murder and possessing an instrument of crime at the conclusion of a nonjury trial on May 13, 1993, and sentenced to concurrent terms of life and [two and one-half to five years of] incarceration. His direct appeal was dismissed for failure to file a brief and he was subsequently granted the right to file a *nunc pro tunc* appeal in his timely first PCRA proceeding, the court having found that his counsel rendered ineffective assistance for that failure. In that appeal, [the Superior] Court affirmed the judgment of sentence

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

on December 31, 1997, holding that the verdict was supported by the weight and sufficiency of the evidence and that [Brown] knowingly and intelligently waived his right to a jury trial. [Brown] did not seek further review. On February 17, 1999, he filed his second PCRA petition *pro se*, reiterating the weight and sufficiency and involuntary jury waiver claims, and claiming ineffective assistance of counsel in failing to request an appeal with the Supreme Court of Pennsylvania. Counsel was appointed who filed a no-merit brief stating that all the underlying issues [Brown] wished to raise were previously adjudicated and, in view of all [] the evidence and the trial and [the Superior] Courts' opinions in his *nunc pro tunc* appeal, any attempt to further appeal would have been frivolous. . . . On October 16, 2000, [the PCRA] court agreed and dismissed the petition as lacking merit. [Brown] did not file an appeal, but instead, on December 14, 2000, filed a third [*pro se*] PCRA petition alleging that his PCRA counsel rendered ineffective assistance in filing the [no-merit letter], governmental obstruction in that he was under the influence of medication during his trial, and previous counsel's failure to file a brief in his direct appeal. . . . The [PCRA] court dismissed the petition as untimely on January 3, 2001, and again no appeal was filed.

[Brown] subsequently filed additional PCRA petitions, and filed [a] petition entitled, "Petition for Habeas Corpus Relief," on August 31, 2017.

*Commonwealth v. Brown*, 2018 WL 4844708, at *1 (Pa. Super. Oct. 5, 2018) (unpublished memorandum) (citation, indentations, and footnote omitted). This Court affirmed the dismissal of Brown's 2017 petition, and Brown did not seek leave to appeal to the Pennsylvania Supreme Court. *See id*.

On July 7, 2021, Brown filed the instant, serial PCRA petition. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition

without a hearing, to which Brown filed a *pro se* response. The court subsequently dismissed the petition. Brown timely appealed.[2]

On appeal, Brown raises the following issues *pro se*:

Whether a court may reconsider a final order when the prior order has been procured by fraud?

Brown's Brief at 3 (unnecessary capitalization omitted).[3]

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id**.

PCRA petitions, including second and subsequent petitions, must be filed within one year of the date an appellant's judgment of sentence becomes final.

_____

[2] The PCRA court did not order Brown to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925. The PCRA court issued an opinion.

[3] Confusingly, Brown titled his current petition as a petition to reconsider the dismissal of his 2000 PCRA petition pursuant to 42 Pa.C.S.A. § 5505. 42 Pa.C.S.A. § 5505 provides, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." Even assuming, *arguendo*, 42 Pa.C.S.A. § 5505 applies to PCRA petitions, the PCRA court issued the order in question on October 16, 2000. Thus, the plain language of the statute demonstrates it can no longer be modified or rescinded.

*See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over it. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims [in a PCRA petition]." *Commonwealth v. Lewis*, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Brown's judgment of sentence became final on January 30, 1998, thirty days after this Court affirmed the judgment of sentence and Brown failed to file a timely petition for leave to appeal with the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). He did not file the instant petition until July 7, 2021. Thus, the petition is untimely. A petitioner may overcome the time-bar if he pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see*

- 4 -

*also* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception, the court is without jurisdiction to review the petition or provide relief. *See Spotz*, 171 A.3d at 676.

Critically, Brown has not pled or proven an exception to the PCRA's timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1). On appeal, he does not acknowledge his petition is untimely, does not mention the timeliness requirements, and does not argue he meets any of the exceptions. *See* Brown's Brief at 7-12.

> The PCRA court held:
>
> Instantly, [Brown] failed to acknowledge, let alone meaningfully address the PCRA's statutory time-bar. Instead, he ignored the time-bar and solely discussed his substantive claims. This kind of presentation fell woefully short of [Brown's] obligation to explain how one of the three, 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)[] statutory exceptions applied. This omission was fatal to [Brown's] attempt to invoke an exception.

PCRA Court Opinion, 3/8/23, at 2-3.

We agree with the PCRA court. Brown's serial PCRA petition is untimely, and like the PCRA court, we lack jurisdiction and "legal authority to address [any] substantive claims." *Lewis*, 63 A.3d at 1281.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2024